IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

ROBERT LEE ALLEN,
        PLAINTIFF,

V.                                    2:07-CV-982-WKW

AUTAUGA County SHERIFF
Dept., et al.,
        Defendants.


PLAINTIFF'S RESPONSE AND ANSWER TO THE
DEFENDANT'S REPORT TO THE MAGISTRATE AND
AlSO DEFENDANT ANSWER AND AFFIRMATIVE DEFENSE

COMES NOW, The Plaintiff, Robert lee Allen,
PRO se, and Respectfully files this his
Response, to the Defendant's Report.


        AFFIRMATIVE DEFENSE TO RESPONSE

The Plaintiff would state to this Honorable
Court, that Defendant B. Dillon has assertered
numerous Defenses, some of which do not apply
in this case.

                I of 24

Defendant Dillon has brought before this Honorable Court copies of Autauga Arrest Warrants, that he says was issued to him and signed by Sheriff HERbie Johnson, for the arrest of the plaintiff on February the 7th day of 2007, IN Autauga County, but was executed in another County other than the County issuing the warrant,

Yet, when this ARREST took place.

The plaintiff was not in Autauga County, where the Arrest warrants was issued for.

Yet, in TiTLE 15-10-10 CODE OF ALABAMA, 1975 that section specifically states: A WARRANT OF ARREST SHALL BE EXECUTED IN THE COUNTY IN WHICH IT WAS ISSUED, UNLESS THE DEFENDANT, IS IN ANOTHER COUNTY, IT MAY BE EXECUTED THERE IN ON A WRITTEN ENDORSEMENT ON A WARRANT BY A Judge OR MAGISTRATE OF THAT COUNTY SIGNED BY HIM TO THE FOLLOWING EFFECT: " THIS WARRANT MAY BE EXECUTED IN . . . . . . . . . COUNTY.

The Phrase "within the State of Alabama" merely completes the description of the category of persons who may obtain and execute arrest warrants, to include all law enforcement officers within that category. The COMMITTE Comment to rule 3.3 so indicates:

The rules provide a functional definition of 'law enforcement officer': Under the definition contained in rule 1.4(P), anyone who serves as an officer, employee, or agent of the State of Alabama who has a legal duty to maintain order and to make arrests (whether in a general or limited capicity) will be considered a 'law enforcement officer' and will be able to execute arrest warrants."

We conclude that the phrase "within the State of Alabama" does not address the question where arrest warrants may be executed, but only the question who may obtain and execute them. The statutory restrictions on where arrest(s) warrants, once issued may be executed remain binding, to protect the public from imposters and to prevent the unexplained disappearance of people from the county. Section 15-10-10, which the officers violated in this case, is a public safety statue.

It allows a judge or Magistrate in a particular County to pass on the Validity of an arrest warrant issued elsewhere and to pass on the identity and authority of the person who proposes to execute the warrant before that person May take someone there into custody and away from the County. Nothing in this statute Conflicts with Rule 3.3 (a), Ala.R.Crim.p., so as to imply that Rule 3.3 (a) supersedes or preempts the statute.

## ARREST

A law enforcement officer May not obtain an arrest warrant in one County and execute it in another county without also obtaining, before executing the warrant its endorsement by a judge or Magistrate of the County where the arrest is to take place. Code 1975 § 15-10-10.

Boss V. NEFF 905 F.2d 1353-54
Illegal Arrest, We have implied that an arrest Made outside of the arresting officer's jurisdiction violates the Fourth Amendment to the Constitution and is therefore actionable pursuant to 42 U.S.C. § 1983 under the appropriate circumstances.

4 of 24

TITLE 11-40-10, Police Jurisdiction
The police jurisdiction in cities having 6,000 or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than 6,000 inhabitants and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town.

Title G-5-338 Peace officers; on or off Duty Jurisdiction. A Police officer's arrest of the Plaintiff outside the County containing the city employing the officer exceeded his authority and therefore his claim of peace officer immunity. Moore V. CROCKER, 852 So. 2d 89 (Ala. 2002)

See Exhibits "A", B", C", D", E", F", G", H" I", J"

5 of 24

IN the instant case, Defendant Dillon should not be allowed nor permitted to rely on Rule 3.3, A.R.CR.P., for his authority to arrest without an arrest warrant outside the limits of Autauga County.

Rule 3.3 reads in part:

(A). <u>By whom.</u>:     The arrest/search warrant shall be directed to and May be executed by any Law enforcement officer within the State of Alabama

(B). <u>MANNER OF EXECUTION</u>:     AN ARRest WArrant shall be executed by the Arrest of the Defendant.

(C). <u>RETURN</u>:     The Law ENForcement Officer executing an Arrest Warrant shall endorse there on the manner and date of execution, shall subscribe his name, and shall Return the Arrest Warrant to the clerk of the Court specified in the Arrest Warrant

Defendant Dillon Arrest of plaintiff Allen outside the County containing the City employing Defendant Dillon exceeded his Authority and therefore foreclose his claims.         6 of 24

Plaintiff would respectfully request this Honorable Court to read the Enclosed Plaintiff's Exhibits, that are enclosed with this respose, for this Honorable Court to view "A", "B," "C," "D," "E," "F," "G," "H", "I," "J"

The Plaintiff would state to this Honorable Court, that in order to overcome a Defendant's assertation of Qualified IMMUNity, that the plaintiff Must demonstrate that at the time of the alleged violation the Contours of the allegedly Violated Rights were:

Sufficiently clear that a reasonable Official would understand that what he/she was doing violate(d) the laws and that particular right. "ANDERSON V. CREIGHTON 483 U.S. 635, 97 L. Ed. 2d. 523, 107 S. ct. 3034 (1987)

The Plaintiff would state that by the time that he is done Pleading this case, that he feels that he will have done just that, that he will have demonstrated that the Defendant should

7 of 24

have reasonably know what the laws were and what rights he was violating.

IN the case of ANDISON(?) VS, AllSTATE INSURANCE COMPANY 58 F. Supp. 2d. 734 [10] (S.D. MISS, 1999), that in order to avoid Dismissal for failure to State a Claim, Plaintiff "Must PlEAD SPECIFIC FACTS, NOT MERE CONCLUSORY AllEGATION."

IN the instant case at bar, the plaintiff avers to this Honorable Court that he has plead specific facts, and that he has not alleged mere allegations as the Defendant suggests.

The Plaintiff would respectfully request that this HONORABLE COURT consider the violation of the Plaintiffs 4th AMendMent Right, these Arrest warrants were signed in one County and executed in Montgomery County, which is where the actual Site of the arrest of the plaintiff Allen,

See   Exhibit   Attached

8 of 24

The Defendant further claims Qualified IMMUNITY, And the plaintiff ReQuest that this Honorable Court thus deny's this ReQuest also, due to, the Defendant should have been able to exercise Reasonable Judgement in what is just and proper under the Circumstances.

The Defendant further ReQuest that this Honorable Court allow him to plead and use the Defense of Sovereign IMMUNITY, In Response to this claim, the Plaintiff States that he has not sued the Government or a State Agency, he has thus sued an Individual Acting Under the Color of State Law and in his Individual Capacity, and thus he should not be Allowed to plead this IMMUNITY.

The Defendant further goes on to plead and State that they did not Violate any of the plaintiff's Constitutional Rights, to which the Plaintiff still Asserts that they did, and shows such by the Accompanying Documents.

See Exhibits ATTACHED

9 of 24

The Defendant assert that all the actions that were undertook were Reasonable, legitimate, justified and legal under the circumstances, Yet the plaintiff asserts that this is not true at all, the Enclosed Exhibits show otherwise. (see Exhibits ATTACHED

The Defendant further pleads that there is a lack of Causation between the plaintiff's Allegations and the Defendant's actions, Yet, the Defendant has not proven this issue. The plaintiff would state that there is a Causation between the plaintiff's allegations and the Defendant's actions, Something happen, i.e., Captain Nixon was not an Eyewitness to this alleged violation, Autauga Deputy B. Dillon was, and he did not submit an Affidavit, and the the Deputy's Dillon Work Report, I also want a copy of the Alabama Uniform Arrest Report, for February 7, 2007, And I also want a copy of the Lowndes County and the Autauga County's Transfer Order showing where this Transfered took place in Montgomery, Al on February the 7th 2007, Submitted to the Honorable Court for its inspection.

See Exhibits Enclosed

10 of 24

The Defendant's further goes on to state, that there is no policy or Custom proximately, which Violated the plaintiff's Constitutional Rights in this Cause, yet how can the Defendant claim this issue?

The Plaintiff states that the policy itself did not violate the plaintiff Right, Yet, it was the actions that were under taken by the Defendant which in turn violated the plaintiff's Rights.

The plaintiff admits that no policy or Custom as the moving force as the Defendant claims behind the alleged Violations, but, that it was the actions of the Defendant's which violated the plaintiff's Rights

The Defendant further states that the plaintiff's Complaint fails to state a Claim for which Relief can be granted, and the plaintiff denies this Allegation as well. There are numerous grounds on which this Honorable Court can grant and state that the Defendants Violated his Constitutional Rights.

The Plaintiff would state that the fact that the plaintiff has pending charge's against him have absolutely nothing at all to do with this Honorable Court, and that the notification of such to this Honorable Court is used solely to try and influence the Negativity towards the plaintiff, the Real ISSUE AT HAND IS The Violation of the PLAINTIFF's fourth Amendment.

It is the Plaintiff's position that while Defendant Dillon does hold the position and authority to arrest people in Autauga County, he must still Contact other Counties to Make an Arrest in their Jurisdiction and get Authorization, Deputy Dillon CANNOT go outside the scope of the law, when it comes to dealing with the execution of Arrest WARRANTs, and the plaintiff would assert that this is one area, in which Deputy Dillon Should have Considerable experience in being a Sheriff Deputy for a numerous Amount of years

See Exhibits ENClosed

12 of 24

Under the Alabama Constitution of 1901, Sheriffs are executive officers of the State of Alabama see Alabama Constitution of 1901, art. V § 112; OLIVER V. Townsend, 534 So. 2d 1038, 1044 (Ala. 1988) A Sheriff employees are legally an extension of the Sheriff and are likewise considered officers of the State of Alabama, Absolute Immunity

   AN Alabama Sheriff is immune from suit

   except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute Under the Declaratory Judgement Act if he is a necessary party for the Construction of the Statute.

The plaintiff submitted several Grievance's forms to the Autauga County Sheriff's Dept, but never ever recieved any response back, on one occasion the plaintiff was called to the Captain's office but no action was taken.

The Plaintiff would further State to this Honorable Court, that he knows that the investigating staff has (5) five working days to investigate and return a written decision to the inmate. The procedure in which he follow was the jail procedure.

Plaintiff Allen, wants, a trial by jury to decide base on the evidence thats produce and the facts.

The Plaintiff would like the Honorable Court to Look at all of the Exhibits real close and Match up the True Signatures and absorb the Deception in the Documents from the Lowndes County Sheriff's Department fraudulent signatures and charge's on a Consolidated Bond.

The plaintiff Allen was released, after being told to sign this Bond, but after signing this fraudulent Consolidated Bond, Allen was transported outside their jurisdiction to be Arrested by an Autauga Deputy Sheriff Dillon outside his jurisdiction.

Please Examine the Exhibits thoroughly and see with your own eye's the Deception, in the Lowndes County release of the plaintiff

14 of 24

The Plaintiff Allen, ReQuest this Honorable Court to review this Alleged Fraudulent release from their custody of Lowndes County Sheriff Department done on February the 7th day of 2007.

This Alleged fraudulent Document Release of the plaintiff Allen, thus make his arrest by the Autauga County Sheriff Department illegal and a clear Violation of his Constitutional and Civil Rights Guaranteed to him, in additio to being executing the Autauga County Arrest warrants outside both Police Agency Jurisdiction.

The Plaintiff believes and does believes that the Sheriff VAughner, and Captain GResham signature are fraudulent on the Enclosed Consolidated Appearance bond, as well as the charge of recieving Stolen property 1st WR-06-434.

The plaintiff would Request the Honorable Court to "Match Exhibit "C" true signatures To the signatures of the Consolidated Bond and to the Enclosed Lowndes County Arrest, warrant No# WR-06-434 this is someone else's Arrest warrant with plaintiff's Allen, name

15 of 24

written in after scratching out someone's else's name, I Request the Honorable court to please match all signature's to the True signature's and while you are matching signatures to the true signature s, Enclosed are (2) two Affidavits from pending civil action's. I am introducing these Affidavits as Exhibits base solely on their signature's to show the Honorable Court A pattern on how the Captain and Sheriff VAUGhner are trying to write their names in a way in which to match the signature's on the Release Bond.

At the time of trial a Handwriting expert will decide for the Honorable Court to Decide on base on the facts, Actually you really don't need a handwriting expert to see the Deception in the fraudulent Consolidated Bond and Lowndes County ARRest warrant WR-06-434, then that would mean Defendant Dillon Executed the arrest warrants illegally, and thus everything that occurred was in violation of the plaintiff's Constitutional Rights, Which IS INDEED A MATTER FOR THIS HONORABLE COURT TO DECIDE.

16 of 24

"B" Facts and Circumstances

The plaintiff, Allen would ReQuest this Honorable Court to take its time and Review the Enclosed Exhibits Attached to this Report as Exhibits "A," "B," "C," "D" "E," "F," "G," "H," "I," and "J" and Made a part here of.)

The Defendant has made numerous ~~ats~~ accusation about the plaintiff Allen, In their Special Report and Answer.

The plaintiff, will Demonstrate the stony Contours to this Honorable Court, and show as follows through attached Exhibits Defendants Response and answer are without merits, and thus inadmiss-able to this cause.

The ~~point~~ plaintiff will state, to this Honorable Court that his Rights were violated in Lowndes County. On 2/7/2007, and 8/8/2006.

The plaintiff Request the Honorable Court to see Exhibits, "B," "C," "D," "E," "F," "I," and "J" attached

The plaintiff Request the Honorable Court to Retreive Exhibit "C" copies of True Signature's and see how none of the signature's on the Exhibits "B," D," I," J," come close to Matching up, I want you to see how lowndes County, execute their Arrest warrants they Scratch out the original names and add whatever name's they choose's to put their, an arrest them, and also look at at all of these signatures very closely it appears that some one other than sheriff Vaughner sign his name on this Arrest warrant. also see Exhibits "E," and "F" attached.

The plaintiff is Requesting this Honorable Court to follow these instruction very carefully So that you can fully absorb how far lowndes County sheriff Department will go to cover up their mistakes, the facts in the Exhibits are INCONTROVERTIBLE, and at some point the Lowndes County Sheriff Dept. Decided to Exert their power and Authority, and is trying to use the Defense of clerical error, clerical error does not have nothing to do with these false signatures on the Lowndes County Arrest warrant, and Consolidated Appearance Bond.

18 of 24

Now I want the Court to match the
Attached Exhibit "D" Consolidated Bond
Signatures, up to Exhibits "I", and "J"
Affidavit of Willie Vaughner signatures
Dated May 4, 2007, (see Gresham signatures
on these same affidavits as the Notary public)

plaintiff is merely establishing, Deception,
and forgery and Reasonable Doubt.
Now please look at how the "V" and "H" in
Sheriff Vaughner name on the Affidavits
are different from the Consolidated Bond.
These Affidavits were submitted to the
Honorable Court (4) four months after this
Bond was sign as you can see the curve on
the "V's are different from the Bond
(see Exhibits of True signatures "C"
Match up to captain Gresham signatures
Also) you can see she's Doing same in
Concert.
The plaintiff Allen, had to submit these
(Exhibits "B," "C," D," E," F," I," and "J,")
to show this Honorable Court Allen Rights
were Violated from the very beginning

19 of 24

and thus making the plaintiff arrest
illegal by Autauga County before it even
to place outside of both County jurisdiction

Now I want to address Autauga County
on its Role it played in this Alleged illegall
Arrest. (see Exhibit "A" Alabama Uniform
Arrest Report Dated 2/7/2007.)

I want this Honorable Court to Review this
Document Exhibit "A" closely, no where on
this Document Do you see plaintiff Allen's
SSN#, Number, now I want you to see the
location of Arrest (Highway 80 + I.85
Montgomery) these (2) two Highways are at
least (6) six miles apart, they do not cross
each other, but are separated at least six (6)
Miles apart. Now on this same document
Read line "44" fourty-four "Type of ARREST"
It states "Warrant" it has been check ✓
(See Exhibits "A", "G" and "H" Review these
Documents closely please! Thank you!
you Decide (Also read line "3", "46", "48", "56", "58"
Now see Exhibit "G" Read both letter's Attached)

Plaintiff Request this Honorable Court to take notice of Exhibit "D", it has case No "DC 06-578" in the top Right hand Corner this case no is incorrect. Now see Exhibit "E" letter dated 7-16-2007 Address to Lowndes County Clerk, Ruby Jones "please" their is no case no. for Recieving Stolen property 1st in Lowndes County Al.

The plaintiff Allen, is merely establishing true facts, through his Exhibits that since his illegal Arrest in lowndes County on 8-8-2006, and Alleged Fraudulent Release on 2-7-2007, to the Custody of Autauga County to be Arrested outside of their Jurisdiction on 2-7-2007. The plaintiff is establishing that their is a pattern in these police Agencies Conduct, in how this case has been handle.

I want the Honorable Court to Review Exhibit "I", it reads that Plaintiff Allen has only 1. charge of Assault 2nd in Autauga.

21 of 24

County but if you look at Exhibit "A"
you see several charges how can
this be on the Attached letter to
Exhibit "G" you will see a list of
Autauga County Arrest warrant numbers
that was mailed and filed in the District
Court of Montgomery County on September
the 18th 2007.
Now see Exhibit "H" now read how
many charge's the plaintiff has now.
please follow up allow this case to proceed.

CONCLUSION

The plaintiff would state to this Honorable
Court that every thing he has Alleged, happen
in his Instant Complaint. That led yet to
another alleged illegal arrest outside both
police Agency jurisdiction. An we also have
Alleged fraudulent Release we believe at the
time of trail we would prove just that.

22 of 24

WHEREFORE, premises considered, the plaintiff would Repectfully request that this Honorable Court NOT allow the Defendant to plead or claim any of the Defenses or Immunities that he has Stated in his Response.

WHEREFORE, the plaintiff would further respectfully request that this Honorable Court let this case proceed, and let the plaintiff start his Discovery so that he Might be able to prove his case further through the Documents that he would request, and the answer that the Defendant's would thus ultimately provide to him through and by Discovery

The plaintiff has already proven by the Exhibits that he has provided to this Honorable Court that something is not right Some where, and thus there should be Some right to find out the truth to this Matter.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff respectfully request that this Honorable Court treat their plaintiff's Response and Answer to Defendant's Special Report and Answer as a MOTION FOR SUMMARY Judgment, and grant unto them the same. and to take jurisdiction in this Matter.

Pro se  Robert L. Allen
Autauga County Jail
136 N. Court ST
Prattville, Al 36067

## CERTIFICATE OF SERVICE

I Certify that I have served a copy of the foregoing Upon the Honorable Robert FAulk, Defendant Attorney by Mailing a copy of the same in the U.S. Mail 1st Class postage prepaid, this the 14th day of January 2008.

Robert L Allen                  pro se  Robert L Allen
136 N. Court st                          Robert l Allen
prattville, Al 36067      24 of 24

Robert Allen
136 N. Court, St
Prattville, Al



Legal Mail
Enclosed
1 of 4

HONORAble Clerk, MRS. Debra Hackett
UNited STATES DISTRICT COURT
P.O. Box 711
Montgomery, Al 36101-0711

INMATE MAIL
AUTAUGA METRO JAIL

Robert L. Allen
136 N. Court St
PRAttville, Al 36067

Legal Mail
Enclosed
2 of 4

HoNoRAble Clerk, Mrs. Debra Hackett
UNITED STATES DISTRICT Court
P.O. Box 711
Montgomery, Al 36101-0711

INMATE MAIL
AUTAUGA METRO JAIL



Robert Allen
136 N. Court ST
PRAttville, Al 36067



USA 41

Legal Mail
Enclosed

3 of 4

Honorable Clerk, MRS. Debra Hackett
UNITED STATES DISTRICT Court
P.O. Box 711
Montgomery, Al 36101-0711

INMATE MAIL
AUTAUGA METRO JAIL

Robert Allen
136 N. Court ST
Prattville, Al 36067

Legal MAIL
Enclosed
4 of 4

Honorable Clerk, Mrs. Debra Hackett
UNITED STATES DISTRICT COURT
P.O. BOX 711
Montgomery, Al 36101 - 0711



INMATE MAIL
AUTAUGA METRO JAIL

# EXHIBIT CONTENT LIST
## CIVIL ACTION no. 2:07-cv-982-WKW

Exhibit "A"

Autauga Alabama UNIForm Arrest Report Dated 2-7-2007

Exhibit "B"

Lowndes County Arrest Warrant wr 06-434, Dated 8-8-2006

Exhibit "C"

True Copies of Sheriff, VAughner, Capt, Gresham Signatures

Exhibit "D"

Lowndes County Consolidated Appearance Bond, Dated 2-7-2007

Exhibit "E"

Letter Dated 5-17-2007, Address to Mrs. Ruby Jones,
Lowndes County Circuit Clerk

Exhibit "F"

Letter Dated 7-16-2007, Address to Mrs. Ruby Jones,
Lowndes County Circuit Clerk

Exhibit "G"

Letter Dated November 13th 2007, Aecieved from Montgomery
Clerk, MRS. Melissa Rittenour, and attached letter Dated
9-12-2007, Address to MRs. Melissa Rittenour from the
plaintiff Robert L. Allen

Exhibit "H"

Autauga County Docket Notice

Exhibit "I", CIVIL Action no. 2:07-cv-85-WKW

Affidavit of Willie VAUGhner, Capt, Gresham "signatures"

Exhibit "J", Civil Action no. 2:07-cv-90-ID

Affidavit of Willie VAUGhner, Capt, Gresham "signatures"
Altered to look like Consolidated Bond Exhibit "D"

A

| DOMESTIC VIOLENCE DUAL ARREST | **ALABAMA UNIFORM ARREST REPORT** | Fingerprinted | R84 Completed |
|---|---|---|---|
| ☐ | | ① Yes ☒ No | ① Yes ☒ No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**IDENTIFICATION**

| 1 ORI | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 004 0000 | AUTAUGA CO. SHERIFF | WR 2006165 | |

5 LAST, FIRST, MIDDLE NAME: Aiken Robert Lee

6 ALIAS AKA

| 7 SEX ☒ M ☐ F | 8 RACE ☐ W ☒ B ☐ I ☐ O | 9 HGT 6'2 | 10 WGT 195 | 11 EYE BRO | 12 HAIR BLK | 13 SKIN | 14 | ☐ SCARS ☒ MARKS ☒ TATTOOS ☐ AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|

15 PLACE OF BIRTH (CITY, COUNTY STATE): ST Louchie Co. F.L.

16 SSN

17 DATE OF BIRTH: 09 01 64

18 AGE: 42

19 MISCELLANEOUS ID #

20 SID #

21 FINGERPRINT CLASS    KEY    MAJOR    PRIMARY    SCDV    SUB-SECONDARY    FINAL

22 DL #

23 ST

24 FBI #

HENRY CLASS

NCIC CLASS

25 IDENTIFICATION COMMENTS

26 ☒ RESIDENT ☐ NON-RESIDENT

27 HOME ADDRESS (STREET, CITY, STATE, ZIP): 1025 Blueberry L.N.

28 RESIDENCE PHONE: (361 5408

29 OCCUPATION (BE SPECIFIC)

30 EMPLOYER (NAME OF COMPANY/SCHOOL): NONE

31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP)

32 BUSINESS PHONE

**ARREST**

33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP): Highway 80 & I-85 Montgom D-V

34 SECTOR #

35 ARRESTED FOR YOUR JURISDICTION? ☐ YES ☐ NO ☐ IN STATE ☐ OUT OF STATE AGENCY?

| 36 CONDITION OF ARRESTEE: | ☐ DRUNK ☒ DRINKING | ☒ SOBER ☐ DRUGS | 37 RESIST ARREST? ☐ YES ☒ NO | 38 INJURIES? ☒ NONE ☐ OFFICER ☐ ARRESTEE | 39 ARMED? ☐ Y ☒ N | 40 DESCRIPTION OF WEAPON ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN | ☐ OTHER FIREARM ☐ OTHER WEAPON |
|---|---|---|---|---|---|---|---|

41 DATE OF ARREST: 02 07 07

42 TIME OF ARREST: 1:33 ☐ AM ☒ PM ☐ MIL.

43 DAY OF ARREST: S M T W T F S

44 TYPE OF ARREST ☐ ON VIEW ☒ CALL ☐ WARRANT

45 ARRESTED BEFORE? ☐ YES ☐ NO ☒ UNKNOWN

46 CHARGE – 1: Assault I

☐ FEL ☐ MISD

47 UCR CODE

48 STATE CODE/LOCAL ORDINANCE: 13A-4-2

49 UCR CODE: Leaving Scene Acc

50 STATE CODE/LOCAL ORDINANCE: 13A-4-2

51 WARRANT #: 28503

52 DATE ISSUED: 08 13 06

53 STATE CODE/LOCAL ORDINANCE: 13A-10-1

54 WARRANT #

55 DATE ISSUED: 08 13 06

56 CHARGE – 3: Assault 2

☐ FEL ☐ MISD

57 UCR CODE

58 CHARGE – 4: Reckless Endangerment

☐ FEL ☐ MISD

59 UCR CODE

60 STATE CODE/LOCAL ORDINANCE: 13A-4-2

61 WARRANT #: 28504

62 DATE ISSUED: 08 13 06

63 STATE CODE/LOCAL ORDINANCE: 13A-6-24

64 WARRANT #: 28506

65 DATE ISSUED: 08 13 06

66 ARREST DISPOSITION: ☐ HELD ☐ TOT-LE ☐ BAIL ☐ OTHER ☒ RELEASED

67 IF OUT ON RELEASE WHAT TYPE?

68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME)

69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME)

**VEHICLE**

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

78 VIN

79 IMPOUNDED? ☐ YES ☒ NO

80 STORAGE LOCATION/IMPOUND #

81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED

☐ CONTINUED IN NARRATIVE

**JUVENILE**

82 JUVENILE DISPOSITION: ① HANDLED AND RELEASED ② REF. TO JUVENILE COURT ③ REF. TO WELFARE AGENCY ④ REF. TO OTHER POLICE AGENCY ⑤ REF. TO ADULT COURT

83 RELEASED TO

84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME)

85 ADDRESS (STREET, CITY, STATE, ZIP)

86 PHONE ( )

87 PARENTS EMPLOYER

88 OCCUPATION

89 ADDRESS (STREET, CITY, STATE, ZIP)

90 PHONE ( )

**RELEASE**

91 DATE AND TIME OF RELEASE: M D Y : ☐ AM ☐ MIL. ☐ PM

92 RELEASING OFFICER NAME

93 AGENCY/DIVISION

94 ID #

95 RELEASED TO

96 AGENCY/DIVISION

97 AGENCY ADDRESS

98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☒ NO ☐ PARTIAL

99 PROPERTY NOT RELEASED/HELD AT:

100 PROPERTY #

101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)

LOCAL USE

102 SIGNATURE OF RECEIVING OFFICER

103 SIGNATURE OF RELEASING OFFICER

STATE USE

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|

# W A R R A N T

STATE OF ALABAMA           LOWNDES COUNTY              DISTRICT COURT

AGENCY NUMBER: C            WARRANT NUMBER: WR 2006 000434.00
                           OTHER CASE NBR:

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST    JAMES THOMAS   AND BRING
HIM/HER BEFORE THE DISTRICT   COURT OF LOWNDES COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
          REC STOLEN PROP 1ST   CLASS: B   TYPE: F   COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN   THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
_____ DAY OF _____ _____, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 08 DAY OF AUGUST, 2006.

BOND SET AT: (1)     $20,000.00   BOND TYPE: PROPERTY BOND
             (2) _____
             (3) _____

JUDGE/CLERK/MAGISTRATE OF DISTRICT   COURT

---

CHARGES: REC STOLEN PROP 1ST   13A-008-017          F  FELONY

---

NAME: JAMES THOMAS   *Robert Lee Allen*          ALIAS:
ADDRESS: C/O LO. CO. SHERIFF'S          ALIAS:
ADDRESS: OFFICE P O BOX 157
CITY: HAYNEVILLE        STATE: AL       ZIP: 36040 0000
*1025 Blueberry Ln. Prattville AL. 36105*   PHONE: 000 000 0000 EXT: 000

EMPLOYMENT:
DOB: 00/00/0000 *09/04/1944*  RACE: B   SEX: M   HAIR: *BLK*
EYE: *BRO*   HEIGHT: 0 00" *6.3*  WEIGHT: 000
SID: 000000000   SSN: *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*   DL NUM:

---

# E X E C U T I O N

EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
( ✓ )  PLACING DEFENDANT IN THE LOWNDES COUNTY JAIL

(   )  RELEASING DEFENDANT ON APPEARANCE BOND

THIS ____8____ DAY OF ___Aug___          _2006_

_Willie Vaughner_
SHERIFF
BY _Jimmy Harris_

PROPERTY OF
*ALABAMA BUREAU OF INVESTIGATION*

---

COMPLAINANT:  INV. RUFUS HARRISON
              C/O SHERIFF'S DEPT.
              P O BOX 157
              HAYNEVILLE  AL 36040    *COPY TO*

OPERATOR: RUJ      DATE: 08/08/2006

FURNISHED BY

DATE _____

EXHIBIT NUMBER 22

ALABAMA JUDICIAL INFORMATION SYSTEM
* * * IN THE DISTRICT COURT OF LOWNDES COUNTY * * *

AGENCY NUMBER: C

WARRANT NUMBER: WR 2006 000434.00
OTHER CASE NBR:

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT    COURT OF
LOWNDES COUNTY, ALABAMA, PERSONALLY APPEARED    INV. RUFUS HARALSON
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT    JAMES THOMAS                DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT 8/8/06, INTENTIONALLY RECEIVE, RETAIN OR
DISPOSE OF STOLEN PROPERTY, TO-WIT: 1980 FORD F150 PICKUP TRUCK, THE
PROPERTY OF, TO-WIT: JOHN FARRIOR, KNOWING THAT IT WAS STOLEN OR HAVING
REASONABLE GROUNDS TO BELIEVE IT HAD BEEN STOLEN AND NOT HAVING THE INTENT
TO RESTORE IT TO ITS OWNER!
IN VIOLATION OF 13A-008-017                OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Inv. Rufus Haralson*
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 08 DAY OF AUGUST, 2006.

JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: REC STOLEN PROP 1ST    13A-008-017        F  FELONY

WITNESS FOR THE STATE

INV. RUFUS HARALSON /C/O SHERIFF'S DEPT./P O BOX 157/HAYNEVILLE/36040

PROPERTY OF
ALABAMA BUREAU OF INVESTIGATION

OPERATOR: RUJ    DATE: 08/08/2006

COPY TO #2

FURNISHED BY_____
DATE_____

*True*   *Signatures*

"C"

1 of 3

# INMATE NOTICE

To: All Lowndes County Inmates

From: Sheriff / Jail Administrator

REFERENCE: OVER THE COUNTER MEDICINES

AS OF FEBRUARY 1.2005 THERE WILL BE A .25 CENT CO-
CHARGE FOR TYLENOL AND SINUS MEDICINE.  THIS CHARGE
WILL BE DEDUCTED FROM YOUR COMMISSARY MONEY.

Willie Vaughner

*Willie Vaughner*

SHERIFF OF LOWNDES COUNTY

## LOWNDES COUNTY DETENTION FACILITY

### INMATE NOTICE:

TO:       ALL INMATES

FROM:     WILLIE VAUGHNER
                    SHERIFF

REFERENCE: ALL DOCTOR VISITS AND PRESCRIPTIONS.

AS OF NOVEMBER 1, 2002 THERE WILL BE A $12.00 CHARGE FOR
EACH DOCTOR VISIT AND $12.00 FOR EACH PRESCRIPTION THAT
WE HAVE FILLED. THIS CHARGE WILL BE DEDUCTED FROM
YOUR COMMISSARY MONEY.


WILLIE VAUGHNER


SHERIFF OF LOWNDES COUNTY

C "

3 of 3

LOWNDES COUNTY DETENTION FACILITY

INMATE NOTICE

TO:        ALL INMATES

FROM:      CAPT L. GRESHAM
           ADMINISTRATOR

REF:       DOO RAGS/HEAD RAGS

EFFECTIVE APRIL 18, 2005, NO HEAD RAGS WILL BE WORN
WHILE YOU ARE HERE AT THIS FACILITY. YOUR PRIVILEGE
WILL BE TAKEN. IF YOU ARE WEARING A HEAD RAGS, NO
RAGES ARE TO BE WORN AT ANY TIME.

THANKS IN ADVANCE

CAPT. L. GRESHAM

| State of Alabama<br>Unified Judicial System<br><br>Form CR-10    Rev. 8/96 | **CONSOLIDATED APPEARANCE BOND**<br>(District Court, Grand Jury, Circuit Court) | Case Number<br><br>DC 06-578 |

IN THE ___Circuit___ COURT OF ___Lowndes___, ALABAMA
<br>                    (Circuit or District)                              (Name of County)

STATE OF ALABAMA   v.   ___Robert Allen___
<br>                                            Defendant

I, ___Robert Allen___ (Defendant), as principal,
and I (we), _____
<br>                              (Please print)

_____, as surety(ies), agree
to pay the State of Alabama the sum of $ __80,000 00__ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on _____ (date) at _____.M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of _____
<br>___Rec. Stolen property 1st___, or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond; and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant  _Robert Allen_ | | | (L.S.) |
| Address (print)  _1075 Laudery Lane_ | City  _Prattville_ | State  _AL_ | Zip  _36067_ |
| Signature of Surety/Agent of Professional Surety or Bail Company  (L.S.) | | Signature of Surety/Agent of Professional Surety or Bail Company  (L.S.) | |
| Social Security Number          Telephone Number | | Social Security Number          Telephone Number | |
| Address (print)     City    State    Zip | | Address (print)     City    State    Zip | |
| Signature of Surety/Agent of Professional Surety or Bail Company  (L.S.) | | Signature of Surety/Agent of Professional Surety or Bail Company  (L.S.) | |
| Social Security Number          Telephone Number | | Social Security Number          Telephone Number | |
| Address (print)     City    State    Zip | | Address (print)     City    State    Zip | |

___Feb 7, 2007___
<br>Date

Approved by: Judge/Magistrate/Sheriff  _Willie Vaughner_
<br>By: Deputy Sheriff  _Capt. Laena Gish_

| **Defendant's Information** | | | | |
| Date of Birth  _9/6/1964_ | Sex  _M_ | Height  _6'3_ | Weight  _195_ | Employer |
| Social Security Number  _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_ | Race  _Blk_ | Hair  _Blk_ | Eyes  _Bro_ | Employer's Address |
| Driver's License Number     State | Telephone Number  _(334) 361-5408_ | | | Employer's Telephone Number |

Please Stamp with your seal
And send me back a copy At the
Jail Thank you                    5-17-2007

INMATE NAME: Robert Allen, PROSE

office of the Clerk, the HONORABLE Ruby JONES
The Clerk of Lowndes County ALABAMA

Re: ReQuest For Documents          Robert Allen
Please Staple All three Bonds together, Separite   136 N Court st
                                    Prattville Al, 36067-
As you Already know, I Am pursueing possible          3002
post-CONVICTION Remedies IN My case, case
NO. DC 06-578, I want A Copy of this Document
below And A couple copyes of Another Document
I ASK the Clerk's office to do A ~~simple~~ Complete
Search FoR ReQuested ARRest (ENDoRse) warrant's
1.) I want A Copy of ARRest warrant's thats
IN Your files of Records, that the Judge oR
Magistrate of lowndes County, put their
WRitten Endorsement on to Allow Autauga
County to Execute A ARRest WARRANT ON
Robert Allen ON these dates listed Below
I was INForm by the Courts to get these Copies
FRom Lowndes County Clerks office:, Here is the
Dates that Robert Allen, was ARRested by Autauga
County After Already being IN Lowndes County Custody
And TRANSFer over to Autauga County.
Dates: 10-10-2006   And ~~2-7-200~~ 2-7-2007.

5-17-2007

Robert Allen, pro se, ONLy want the Endorse
ARRest warrants, that is sign by Any judge or
MAgistrate of Lowndes County, that sign the
ARRest warrant FRom Autauga County Do Your
office have A Copy of these Autauga
County ARRest warrants Execucted
IN Your County AND IN MONtgomery County.
CIRCLE ONE YES · OR NO

If you Answer NO please, Explain to Robert
Allen why you don't have A Copy of these ARRest
warrants Execucted IN Lowndes County, And Montgomery
County, Lowndes County Deputies of the sheriff's
Department was present At each time Robert Allen
was Arrested And taken from their Custody.

2.) To the, HonoRAble Clerk, Robert Allen, prose
is lacking His Motion of Discovery MAterials
Can you check on its progress.

3.) I want you to send (Me) Robert Allen, prose
(3) three Copies of his Appearance Bond
Because Robert Allen has no way of Making Copies
And he needs to submit them with other Documents
to the Courts   Thank you

pro se Robert Alle

5-17-2007

Thank you for putting up with me, And        5-17-2007
your cooperation in this matter

4.) I'm sorry for the misunderstanding, In my
last Request what I was Requesting.
was Not A copy of My case Action Summary
but A Full copy of Any And All Documents
thats listed on My case Action Summary
In Full. As you Already Know Robert Allen is
pro se And All of these Documents Are vital
to his defense I know you have these documents
And Robert Allen, pro se wants A Full copy of All
And Any In Short ~~the~~ every thing thats been before
the judge or Magistrate so that I can properly
prepare My defense

5.) Robert Allen wants to know why your office don't know
what A "B" Bond is when it is listed on Robert Allen
Case Action Summary, be sheet, It not a "B" Bond
B stands for Bond.

6.) To, the Clerk, Ruby Jones, Robert Allen, pro se.
would like to know how Many times, Robert Allen
been Arrested in the County of Lowndes. I already
know your office has Access to this Information
I have Requested. So I Request that you Attain
these documents by way of fax Machine or other Means

7.) I want A copy of Robert Allen Criminal Background

8.) I want to know has Robert Allen, Charge of Theft
of property 1st, Been Change to Another Charge since 8-8-06
Circle one   yes   or  (NO)  Robert allen prose   Arrest
                                                   Date

"F"  CC 07-56

Please STAMP With YOUR       7-16-2007
NOTARY Seal AND Mail Me
A Copy At the Autauga County Jail

INMate NAME: Robert Lee Allen

SSN: 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, Birth date: 9-1-1964

To: HONORABLE Clerk, Ruby Jones

Re: ReQuesting INFORMATION



1.) IS their A case Number for
Receiving Stolen Property ON
Robert Lee Allen, SSN: 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,
Birth Date: 9-1-1964? Not in Lowndes
County. I show you had a charge in Mobile IN 1999 FOR Receiving stolen Property

2.) I want a Copy of the Case Action
Summary. You will need to contact the MObile County Clerks office

3.) I want A Copy of the TRANSPORT
ORDER done ON Robert lee Allen
7-11-2007.

Thank You              SINCERELY
       7-16-2006       Robert Allen



**Melissa Rittenour,** Clerk and Register, Circuit Court Montgomery County     Telephone (334) 832-1260

Montgomery County Courthouse, P.O. Box 1667, Montgomery, AL  36102-1667

November 13, 2007

Mr. Robert Lee Allen
Autauga County Jail
136 North Court Street
Prattville, Alabama 36067-3002

Dear Mr. Allen:

I am in receipt of your letter requesting information regarding Autauga County Arrest Warrants. In viewing the state wide index I found several cases under the name of Robert Lee Allen with a date of birth of September 1, 1964. There were only two cases in 2007, one in Autauga County, Case Number CC-2007-244 for Assault 2nd and the other one in Lowndes County, CC-2007-56 for Theft of Property 1st. I cannot verify these cases belong to you as neither one gave a social security number or a warrant number. I found no cases listed under your name in Montgomery County.

I am unsure as to your meaning of "endorse or pass on the validity" of the warrant numbers listed in your letter. I am not an attorney and do not presume to be one, however, to the best of my knowledge if there is an outstanding warrant, no matter the jurisdiction that warrant is located, a person could be arrested in any county within the state. Also, depending on the severity of a charge and whether a county would want to extradite, a person could be arrested on an outstanding warrant while in another state.

We do not have access to City records; therefore, you will need to correspond directly with them.

Sincerely,

*Melissa Rittenour*

Melissa Rittenour,
Montgomery County Circuit Clerk

MR. Robert Lee Allen
Autauga County Jail
136 N. Court St
PRAttville, Al 36067-3002



MONTGOMERY AL 361

13 SEP 2007 PM 2 L

NO RECORD FOUND IN DISTRICT
COURT OF MONTGOMERY COUNTY

To. The Honorable Circuit Clerk, Melissa Rittenour
100 South Lawrence Street
Montgomery, Al 36104

NO RECORD FOUND IN DISTRICT
COURT OF MONTGOMERY COUNTY

36104+4203

"G"

"G"

RECORD FOUND IN DISTRICT
COURT OF MONTGOMERY COUNTY

Date: 9-12-2007                                    Date 9-12-2007

PLeAse STAMP with YouR SEAL And MAKe Me
A Copy. And Send back by U.S. MAiL. STAMP Envelope
     Also And Send back Enclosed.
YOUR Earliest and Most SeRious Attention to this
ReQuest is Most AppAeciated. ThAnk You.


INMATe NAMe: RobeRt Lee Allen, PRo se

RECORD FOUND IN DISTRICT
COURT OF MONTGOMERY COUNTY

To: M.C.S.D., Department, HONORABLE Melissa Rittenour
     CiRcuit CleRk of Montgomery County,


Re: ReQuesting INFoRmation, and Documents, Check
YouR Records And send me copies
I, RobeRt Lee Allen, PRo se, Soc NumbeR 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,
BiRth Date 9/01/1964.
I am prepared to pursue possible post-Conviction
Remedies. I make this Request puRsuant to the Code
of Alabama 12-17-94; ARticle I, Section 6 of the
Alabama Constitution.
"Autauga County WARRants"
1.) I want to Know if You oR Any MagistRate oR
     Judge in Montgomery County, Alabama, Melissa Rittenour
     the CleRk, EndoRse, oR pass on the Validity on these
     ARRest WARRants: CiRcle one: Yes oR no
     WR-06-165 / WR-06-166 / WR-06-167 / WR-06-168 / WR-06-169
     DC-07-161 / DC-07-162 / DC-07-163 / DC-07-164 / DC-07-165
                    9-12-2007    PRo se    Robert Lee Allen

FILED DISTRICT COURT
MONTGOMERY COUNTY
2007 SEP 18 PM 4:13

ALABAMA JUDICIAL DATA CENTER
AUTAUGA COUNTY
JOHN B BUSH                    DOCKET DATE NOTICE        CASE: CC 2007 000244.0

DEFENDANT, ATTORNEY(S), AND ALL WITNESSES MUST APPEAR BEFORE THIS COURT
FOR   PLEA DOCKET                 AT THE TIME AND PLACE STATED BELOW.

DEFENDANT: ALLEN ROBERT LEE          DATE:   04/11/2008
ATTORNEY:  PERDUE D WAYNE             TIME:   08:00  AM
                                     CHARGE: ASSAULT 2ND DEGREE

                                     PLACE: AUTAUGA COUNTY COURTHOUSE
                                            CIRCUIT COURT
                                            PRATTVILLE AL 36067

        ALLEN ROBERT LEE
        C/O AUTAUGA METRO JAIL
        PRATTVILLE      AL 36067 0000

NOTES:


 DATE ISSUED: .10/10/2007           WHIT MONCRIEF             , CLERK


**DEFT'S COPY**


ERATOR:  DEH
PARED:  10/10/2007

Civil Actions

NO. 2:07-cv-85-wkw

NO. 2:07-cv-90-ID

These Affidavits Are submitted
as Exhibits So the HONORABLE
Court, Can Match these signatures
to the Consolidated Bond, and see
the Deception, Now Match up all signatures
To Exhibit "C" True signatures.

You Decide is this Reasonable
Doubt!

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

ROBERT LEE ALLEN,                    )
                                     )
    Plaintiff,                   )
                                     )
V.                                   )          Civil Action No. 2:07-cv-85-WKW-WC
                                     )
SHERIFF WILLIE VAUGHNER, et al.,     )
                                     )
    Defendants.                  )

### <u>AFFIDAVIT OF WILLIE VAUGHNER</u>

STATE OF ALABAMA          )
                          )
COUNTY OF LOWNDES         )

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Willie Vaughner, who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is Willie Vaughner. I am over the age of nineteen and competent to make this affidavit. I am the duly elected Sheriff of Lowndes County, Alabama and was serving as such at the time of the incident made the basis of the Plaintiff's Complaint.

    2.    It is the policy of the Lowndes County Sheriff's Office that inmates in the Lowndes County Jail be given a clean, wholesome, and balanced diet in order to maintain their physical health during the time they are incarcerated in the jail. Members of the jail staff are charged with overseeing the production of food in the jail's kitchen, and ensuring that it is produced in a clean and sanitary environment and manner. Service of food is overseen by members of the jail staff in order to ensure that the procedure is properly done, and that inmates

receive the food that was intended for them. All cooking and eating utensils are washed and sanitized on a regular basis, and the kitchen itself is cleaned daily.

3. It is the policy of the Lowndes County Sheriff's Office that persons incarcerated in the Lowndes County Jail be given access to medical care comparable to that available to citizens in the surrounding community and that their physical and mental health care needs be provided for during the time they are incarcerated. In order to facilitate this goal, Lowndes County, Alabama employs a nursing service which staffs the Lowndes County, Alabama Jail with nurses either present at the facility, or on call, on a continuous basis. Inmates may, at any time, make requests for medical care. All inmate requests for medical care are forwarded to the jail nurse, who makes all decisions regarding further treatment. Should additional treatment be required, the nurse gives directions to the Jail Administrator, Captain Laura Gresham, in order that an appointment may be made with an outside physician. Inmates are routinely transported to such appointments.

4. In emergency situations, paramedics or an ambulance service may be summoned to the Lowndes County Jail. After hours, when no nurse is present, if a medical situation presents itself to a member of the jail staff, and there is any doubt whatsoever as to whether an inmate needs treatment, paramedics are summoned to the jail, and their directions are followed.

5. At no time does any member of the jail staff substitute his or her judgment for the medical judgment of nurses, paramedics, or doctors. No member of the jail staff is allowed to make any type of medical decisions for the inmates. When orders regarding a particular inmate are given concerning medical treatment, prescriptions, or other procedures, such orders are followed by members of the jail staff. Similarly, should an inmate be dissatisfied with the treatment he receives from a doctor, and requests a different course of treatment, no member of

2

the jail staff is authorized to deviate from the course of treatment prescribed by the health care provider. The only exception to this general rule would be when the inmate himself refuses to follow a course of treatment, such as refusing medication.

6. It is the policy of the Lowndes County, Alabama Sheriff's Office to distribute medication to inmates at the Lowndes County Jail according to the inmates' doctors' directions. All medication for inmates in the Lowndes County, Alabama Jail is obtained from IHS Pharmacy in "blister packs." This packaging is on a "per dose" basis for each inmate, with the proper dosage pre-measured, and the time for distribution noted. When nurses are present at the jail, they are responsible for distributing medication. In other hours, the nurses' directions are followed regarding distributing the medication directly from the blister packs.

7. In emergency situations, paramedics or an ambulance service may be summoned to the Lowndes County Jail. After hours, when no nurse is present, if a medical situation presents itself to a member of the jail staff, and there is any doubt whatsoever as to whether an inmate needs treatment, paramedics are summoned to the jail, and their directions are followed.

8. At no time does any member of the jail staff substitute his or her judgment for the medical judgment of nurses, paramedics, or doctors. No member of the jail staff is allowed to make any type of medical decisions for the inmates. When orders regarding a particular inmate are given concerning medical treatment, prescriptions, or other procedures, such orders are followed by members of the jail staff. Similarly, should an inmate be dissatisfied with the treatment he receives from a doctor, and requests a different course of treatment, no member of the jail staff is authorized to deviate from the course of treatment prescribed by the health care provider. The only exception to this general rule would be when the inmate himself refuses to follow a course of treatment, such as refusing medication.

3

9.     It is the policy of the Lowndes County, Alabama Sheriff's Office to distribute medication to inmates at the Lowndes County Jail according to the inmates' doctors' directions. All medication for inmates in the Lowndes County, Alabama Jail is obtained from IHS Pharmacy in "blister packs." This packaging is on a "per dose" basis for each inmate, with the proper dosage pre-measured, and the time for distribution noted. When nurses are present at the jail, they are responsible for distributing medication. In other hours, the nurses' directions are followed regarding distributing the medication directly from the blister packs.

10.     It is the policy of the Lowndes County Sheriff's Office that conditions in the Lowndes County, Alabama Jail be maintained in a clean, orderly, and wholesome manner. Laundry services are provided to inmates for bedding, clothing, and other items. Hot showers are available on a daily basis, unless security conditions dictate otherwise. Cleaning materials are made available to inmates for their cell areas, and inmates are required to keep those areas clean. Common areas of the jail are cleaned by trusty inmates.

11.     It is the policy of the Lowndes County Sheriff's Office that inmates be allowed outside exercise, and access to fresh air and sunlight in the jail's recreation area as often as possible. Members of the jail staff are instructed that, when sufficient personnel are present, inmates be scheduled for outdoor recreation.

12.     The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

4

13.    I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

14.    I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business.

15.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

16.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
WILLIE VAUGHNER

SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

_____
NOTARY PUBLIC
My Commission Expires: April 6, 2010

(SEAL)

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT LEE ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 2:07-cv-90-ID-WC** |
| | ) | |
| **WILLIE VAUGHNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF WILLIE VAUGHNER

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LOWNDES** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Willie Vaughner, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Willie Vaughner. I am over the age of nineteen and competent to make this affidavit. I am the duly elected Sheriff of Lowndes County, Alabama and was serving as such at the time of the incident made the basis of the Plaintiff's Complaint.

2.      It is the policy of the Lowndes County Sheriff's Office that force be used in the Lowndes County, Alabama Jail only to the extent necessary to control persons who present a threat to correctional officers, other inmates, the public, or themselves, or who threaten the orderly operation of the jail facility. When force is used, members of the jail staff, or, as appropriate, officers who are called to the jail to deal with problems or potential problems, are to use the minimum amount of force necessary to resolve the situation. Force is used on a sliding

scale, with the beginning of any confrontation being conducted by trying to reason with an inmate; thereafter, other methods of force may be used, as appropriate, should the inmate escalate his behavior, or refuse to follow directions.

3.     It is the policy of the Lowndes County Sheriff's Office that, whenever possible, such mail coming into the Lowndes County Jail be opened, but not read, in front of the inmate to whom it is addressed, or allow the inmate himself, in the presence of a correctional officer, to open the mail. Other mail is subject to being opened, searched, and read. These procedures are necessary in order to prevent the introduction of contraband into the jail.

4.     Though a taser device was activated during the attempt to make Mr. Allen go into a holding cell, at no time was the device deployed, or used in any way, against Mr. Allen. In fact, no force of any kind was used against Mr. Allen at any time during this incident. To my knowledge, no one even touched Mr. Allen during this entire process. The mere threat of force, rather than the use of force itself, caused Mr. Allen to comply with the officers' orders.

5.     The Plaintiff complains, in addition to the above, that he was placed in isolation without any type of disciplinary order. His Complaint appears to state that he was placed there for an indefinite period of time, which, at the time of his writing, exceeded three or four weeks. The Plaintiff's allegations are simply untrue. On the date of the incident referenced above, January 22, 2007, Inmate Allen was taken from the dormitory area of the jail and placed in a holding cell. This was due to the fact that he had consistently misbehaved in the dormitory area, was disorderly, and was causing numerous disruptions. Officer Gresham reported these disruptions, in addition to the disruption of the light fixture and damage to the window to me. I ordered that Allen be moved to a holding cell for administrative segregation until he agreed to comply with jail rules.

2

6.    Inmate Allen was placed in administrative segregation in a holding cell of the Lowndes County Jail on January 22, 2007. After speaking with members of the jail staff, he agreed to modify his behavior, and returned to jail population within two days of the time he was placed in administrative segregation. No disciplinary charges were brought against Inmate Allen, and no disciplinary action was taken against him. I made a decision to not charge Mr. Allen with destruction of county property, due to the fact that it would have kept him incarcerated in Lowndes County for a longer period of time when, otherwise, Mr. Allen could be transferred to another facility.

7.    The Plaintiff in this action, Robert Lee Allen, submitted numerous inmate requests/grievance forms to members of the jail staff during his incarceration. All grievances submitted by Mr. Allen were placed in his jail file, per standard operating procedure. I do not remember receiving any request or complaint from the Plaintiff concerning any of the allegations made in his Complaint. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lowndes County Detention Facility.

8.    I deny that I have acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of any right to which he was entitled.

9.    I certify and state that the documents provided to this Court which are attached to the Defendants' Special Report are true and correct copies of inmate records kept at the Lowndes County Jail in the regular course of business.

10.    I have read the foregoing Report and I swear that the information contained therein is true and correct to the best of my present knowledge.

11.    I swear, to the best of my present knowledge, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

_____
WILLIE VAUGHNER

SWORN TO and SUBSCRIBED before me this the 4th day of May, 2007.

_____
NOTARY PUBLIC

(SEAL)                      My Commission Expires: April 6, 2010

4