IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT LEE ALLEN, #209 274          *

     Plaintiff,          *

          v.          *          2:07-CV-982-WKW
                               (WO)

AUTAUGA DEPUTY B. DILLON,          *

     Defendant.          *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action against Autauga County Deputy Sheriff B. Dillon. He complains that Defendant Dillon subjected him to an illegal arrest on February 7, 2007. Plaintiff requests trial by jury and seeks damages and injunctive relief.

In accordance with the orders of the court, Defendant filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff took advantage of the opportunity granted to file responses to the special report filed by Defendant. This case is now pending on Defendant's motion for summary judgment.

Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendant has met his evidentiary burden and demonstrated the absence of any genuine issue of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to each of his claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil*

*Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ...

or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.

"A mere 'scintilla' of evidence supporting the opposing party's position will not suffice;

there must be enough of a showing that the [trier of fact] could reasonably find for that

party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202

(1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory

allegations based on subjective beliefs are likewise insufficient to create a genuine issue

of material fact and, therefore, do not suffice to oppose a motion for summary judgment.

*Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001);

*Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (a plaintiff's "conclusory

assertions ..., in the absence of [admissible] supporting evidence, are insufficient to

withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant

of summary judgment appropriate where inmate produces nothing beyond "his own

conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739

F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is

not sufficient to oppose summary judgment...").  Hence, when a plaintiff fails to set forth

specific facts supported by requisite evidence sufficient to establish the existence of an

element essential to his case and on which the plaintiff will bear the burden of proof at

trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477

U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's

case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that

the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

*A. Illegal Arrest Claim*

On February 7, 2007 Plaintiff was incarcerated at the Lowndes County Jail on a pending charge. The Autauga County Sheriff's Department also had several charges pending against Plaintiff stemming from a high speed chase. Based on the existence of those pending charges, the Lowndes County Sheriff authorized Plaintiff's release on

February 7, 2007 on a consolidated appearance bond and directed his transfer to the custody of law enforcement officials with Autauga County.   A Lowndes County deputy sheriff met Autauga County Deputy Sheriff B. Dillon at a location situated in Montgomery County, Alabama, where Plaintiff was transferred from the custody of the Lowndes County deputy to the custody of Defendant Dillon. Plaintiff maintains Defendant Dillon proceeded to execute five arrest warrants against him and then transported him to the Autauga County Metro Jail.[2] (*Doc. No. 1.* )

According to the allegations in the complaint, Defendant Dillon executed the Autauga County arrest warrants in Montgomery County with first notifying appropriate officials in Montgomery County in violation of Ala. Code § 15-10-10.  Plaintiff maintains that there was no official present from Montgomery County acting in his or her official capacity in order to permit Defendant Dillon to execute the Autauga County arrest warrants.  Defendant Dillon's evidence indicates that it was only after Plaintiff was transported to the Autauga County Sheriff's Office that the appropriate paperwork was done after which Defendant Dillon then executed the five outstanding warrants on Plaintiff. Plaintiff argues, however, that Defendant Dillon improperly and unreasonably executed the Autauga County arrest warrants in Montgomery County.  (*Doc. No. 14, Exhs. A-F; Doc.*

---

[2]During the pendency of this action Plaintiff was transferred from the Autauga County Metro  Jail. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

*No. 19.*)

The court understands there to be two basic premises to Plaintiff's allegation against Defendant Dillon. First, Plaintiff maintains that Defendant Dillon lacked authority to make an extraterritorial arrest, and second, Defendant Dillon's lack of jurisdiction rendered his conduct unreasonable under the Fourth Amendment.

Plaintiff contends that Defendant Dillon violated Ala. Code § 15-10-10 which provides:

> Except as provided in Section 15-10-11, a warrant or writ of arrest may be executed in the county in which it was issued, unless the defendant is in another county. When the defendant is in another county, it may be executed therein by any law enforcement officer having the warrant or writ. The law enforcement officer shall summon the assistance of local law enforcement if possible to assist in making the arrest and only then may exercise the same authority as the officer possesses in his or her own county or jurisdiction.

With respect to Plaintiff's initial argument that Defendant Dillon violated state law, the court notes that "a violation of a state statute is not a *per se* violation of the federal Constitution. The federal government is not the enforcer of state law. *Kraushaar v. Flanigan,* 45 F.3d 1040, 1048 (7th Cir. 1995); *United States v. Baker*, 16 F.3d 854, 856 n.1 (8th Cir. 1994 ) ('A police violation of state law does not establish a Fourth Amendment violation.'); *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) ('[T]o treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law.')." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). *See also Wilcox v. Ford,* 813 F.2d 1140, 1145 n. 7 (11th Cir. 1987) (a federal

8

court is not concerned with violations of state law unless the violation raises federal constitutional problems).  Even if Defendant Dillon's conduct amounts to a violation of a state statute, Plaintiff's second premise, that the officer's conduct amounted to a constitutional violation, is without merit.

Plaintiff argues that his extraterritorial arrest by Defendant Dillon amounted to unreasonable  conduct which violated his rights secured by the Fourth Amendment. Plaintiff relies on *Ross v. Neff*, 905 F.2d 1349 (10th Cir. 1990), to support his argument that Defendant Dillon's actions violated his constitutional rights.  In *Ross*, the Tenth Circuit concluded that an Oklahoma state police officer who arrested the plaintiff (a Native American) on Tribal trust land which was outside of the police officer's jurisdiction constituted a Fourth Amendment violation under § 1983.

In contrast to *Ross*, the instant case concerns the actions of  a police officer "acting between political subdivisions of the same state."  *See Pasiewicz*, 270 F.3d at 526 n.3.  In this regard, the court finds the reasoning in *United Sates v. Mikulski*, 317 F.3d 1228 (10th Cir. 2003), and *Pasiewicz*, 270 F.3d 520,  persuasive.  In *Mikulski*, the court found no Fourth Amendment violation when a police officer from one county in Utah made an arrest in another county in Utah in violation of a statutory requirement that he notify and receive approval from local law enforcement officials.  *Id*. at 1233.  "Despite the apparent violation of state law," the *Mikulski* court concluded that the officers' actions did not  amount to a Fourth Amendment violation where  state law allowed peace officers (with authorization) to

9

act within neighboring political subdivisions, and noting that in the *Ross* case, under no circumstances would the officer have had authority to act on tribal lands. *Id*. at 1232-33.

In *Pasiewicz*, the plaintiff filed a § 1983 complaint claiming that the section of the Illinois Downstate Forest Preserve District Act which provides the authority for the forest preserve police forces did not permit them to act on their own volition outside the district's physical boundaries but rather, the officers could  only act "in aid of the regular police force" of the extraterritorial jurisdiction and "subject to the direction" of its chief of police or other head. *Id*. 270 F.3d at 526-27. The *Pasiewicz* court concluded that law enforcement officials' extraterritorial arrest of plaintiff in violation of state law did not violate the Fourth Amendment and noted that, unlike  *Ross*, the case "concern[ed] the jurisdiction of officers acting between political subdivisions of the same state." *Id.* at 526 n.3.  *See also Abbot v. City of Crocker*, 30 F.3d 994 (8th Cir. 1994) (court declined to find as a matter of law that an officer who made an arrest outside city limits, where he had no authority to do so, had acted unreasonable concluding that "not every unauthorized arrest is 'unreasonable' in the constitutional sense."); *Madsen v. Park City*, 6 F. Supp.2d 938 (N.D. Ill. 1998) (holding that an officer's lack of authority to stop plaintiff in a particular part of Illinois would be an insufficient basis for liability under § 1983).

In this case, at the time the actions about which Plaintiff complains occurred, he was already in the custody of law enforcement officials who were transporting him to the custody of another law enforcement official who had outstanding detainer warrants against

him.  Defendant Dillon's alleged violation of state law requiring him to notify local law enforcement officials prior to exercising his own authority in Montgomery County did not, under the circumstances of this case and without more, necessarily amount to a federal constitutional violation. Put another way, Defendant Dillon's extraterritorial warranted arrest of Plaintiff may have constituted  a procedural violation under state law, but the court cannot conclude under the circumstances of this case that Defendant Dillon "acted unreasonably under the Fourth Amendment, even assuming that [he] acted outside [his] jurisdiction." *Pasiewicz*, 270 F.3d at 527. *See United States v. Gonzales*, 535 F.3d 1174, 1182 (10th Cir. 2008) (finding that compliance with state law may be relevant to the court's Fourth Amendment reasonableness analysis but not necessarily determinative of the constitutionality of police conduct).   The court, therefore, concludes that Defendant Dillon's motion for summary judgment with respect to Plaintiff's Fourth Amendment challenge is due to be granted.[3]

## B.  The Conspiracy Claim

Plaintiff makes the specious allegation that the Lowndes County law enforcement officials conspired with  Autauga County law enforcement in order to effectuate his illegal arrest by using false statements, forged signatures, and/or false charges.  Vague and

---

[3]To the extent Plaintiff's complaint asserts allegations regarding matters which occurred at the Lowndes County Jail prior to his transfer to custody of Autauga County law enforcement officials, the court declines any invitation to review and dispose of such allegations. The sole defendant in this cause of action is Defendant Dillon and there is no indication much less allegation that he had any involvement in matters which occurred at the Lowndes County Jail.

conclusory allegations of conspiracy will not support a § 1983 claim.  *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Other than his self serving allegations, Plaintiff presents nothing to this court which indicates that Defendant Dillon entered into a conspiracy to bring about an illegal  arrest.  Plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983 and Defendant Dillon is, therefore, entitled to summary judgment on this claim. *Fullman*, 739 F.2d at 556-557.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant's motion for summary judgment (*Doc. No. 14*) be GRANTED;

2.  Judgment be ENTERED in favor of Defendant and against Plaintiff;

3.  This case be DISMISSED with prejudice; and

4.  Costs be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 19, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5th day of April 2010.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

13